UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CONNIE J. WILSON, | NO. CIV. 2:09-863 WBS GGH |
| Plaintiff, | |
| v. | ORDER RE: MOTION TO DISMISS |
| JPMORGAN CHASE BANK, NA., as successor by merger to Washington Mutual Bank, a/k/a JPMorgan Chase Bank, N.A., as an acquirer of certain assets and liabilities of Washington Mutual Bank from the FDIC acting as receiver and LENDER DOE, | |
| Defendants. | |

----oo0oo----

Plaintiff Connie J. Wilson brought this action against defendant JPMorgan Chase Bank, NA alleging various federal and state claims arising out of plaintiff's mortgage transaction. Presently before the court is defendant's motion to dismiss the First Amended Complaint ("FAC") pursuant to Federal Rule of Civil

1

Procedure 12(b)(6).

On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). To survive a motion to dismiss, a plaintiff needs to plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," and where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 556-57).

Plaintiff's attorney, Kimberlee A. Rode, has produced a FAC so rife with inconsistencies that it cannot be considered plausible under Iqbal. 129 S. Ct. at 1949. For instance, the FAC begins by alleging that plaintiff was required to execute the Deed of Trust to perfect the security interest, but was never a party to the promissory note and never received any proceeds from the loan. (FAC ¶ 14.) The FAC then incredibly goes on to allege that plaintiff sent a Qualified Written Request ("QWR") under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617, to Long Beach Mortgage Company and Washington Mutual demanding to rescind the loan and produce the note to "her" mortgage. (Id. ¶ 25.) Plaintiff then alleges that she is not

2

obligated to tender any sum to rescind the loan "as [p]laintiff was never a party to the promissory note and never received any of the loan proceeds." (Id. ¶ 44.)

The FAC reverses course yet again in its claim for the breach of the implied covenant of good faith and fair dealing, where it claims that "DOE's . . . predecessor entered into written agreements with [p]laintiff based upon the term [sic] on the loan as stated in the Note." (Id. ¶ 108.) The FAC repeatedly alternates between claiming that plaintiff is not a party to the loan and alleging that the same loan in question is "plaintiff's loan." (See, e.g., Id. ¶¶ 26-28, 39, 45-46, 52-53, 75, 98, 116-17.)

The court expects to see such inconsistencies in pro se and prisoner litigation, not in a complaint filed by a licensed attorney. The court cannot be expected to decipher a complaint that is not only implausible, but nonsensical as well. A complaint so obviously contradictory and lacking in logic has no place in federal court. The FAC stops well short of "the line between possibility and plausibility," and accordingly must be dismissed. Iqbal, 129 S. Ct. at 1949.

IT IS THEREFORE ORDERED that defendant's motion to dismiss be, and the same hereby is, GRANTED.

Plaintiff has twenty days from the date of this Order to file an amended complaint, if she can do so consistent with this Order.

DATED: March 4, 2010

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE