UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CONNIE J. WILSON,<br><br>      Plaintiff,<br><br>   v.<br><br>JPMORGAN CHASE BANK, NA., as successor by merger to Washington Mutual Bank, a/k/a JPMorgan Chase Bank, N.A., as an acquirer of certain assets and liabilities of Washington Mutual Bank from the FDIC acting as receiver and LENDER DOE,<br><br>      Defendants.<br>_____/ | NO. CIV. 2:09-863 WBS GGH<br><br><u>MEMORANDUM AND ORDER RE:<br>MOTION TO DISMISS</u> |

----oo0oo----

        Plaintiff Connie J. Wilson brought this action against defendant JPMorgan Chase Bank, NA alleging various federal and state claims arising out of plaintiff's mortgage transaction. Presently before the court is defendant's motion to dismiss this action pursuant to Federal Rule of Civil Procedure 41(b).

1

I. Factual and Procedural Background

On April 9, 2010, defendant filed a motion to dismiss plaintiff's Second Amended Complaint ("SAC"). (Docket No. 41.) The court granted defendant's motion in its entirety on June 25, 2010, but also granted plaintiff leave to file an amended complaint within twenty days. (Docket No. 46.) Plaintiff did not file an amended complaint within the allotted twenty days and has not done so to this date, almost two months later. Defendant now moves the court to dismiss plaintiff's action with prejudice and enter judgment on the merits in its favor pursuant to Federal Rule of Civil Procedure 41(b). As is the practice with so many of the plaintiffs' attorneys who have recently indundated this court with these mortgage cases, plaintiff's attorney, Kimberlee A. Rode, demonstrated her indifference to the rules of this court by failing to file any opposition or statement of non-opposition to the motion.

II. Discussion

Rule 41(b) states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Dismissal under Rule 41(b) is a sanction, to be imposed only in "extreme circumstances." Dahl v. City of Huntington Beach, 84 F.3d 363, 366 (9th Cir. 1996) (quoting Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam)).

Here, plaintiff failed to comply with the court's June

2

25, 2010 Order by not filing an amended complaint within twenty days of the date of the Order or indicating her intention to not do so.  Where the court grants a motion to dismiss with leave to amend, "[t]he failure of the plaintiff eventually to respond to the court's ultimatum--either by amending the complaint or by indicating to the court that it will not do so--is properly met with the sanction of a Rule 41(b) dismissal." Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004); see also Yourish v. Cal. Amplifier, 191 F.3d 983, 986-87 (9th Cir. 1999) ("Under Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order . . . ."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

In determining whether a case ought to be dismissed for failure to comply with an order, the court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Ferdik, 963 F.2d at 1260-61 (internal citations omitted).

The first two factors--the public's interest in the expeditious resolution of litigation and the court's need to manage its docket--weigh heavily in favor of dismissal.  This litigation has been ongoing for almost a year and a half and plaintiff has not yet filed a complaint that can survive a motion to dismiss.  Plaintiff's failure to file an amended complaint

3

before the court's deadline or communicate that she does not wish to amend has caused this action to come to a complete halt. Given this court's heavy caseload, particularly with regards to mortgage and foreclosure related litigation, the court must have control of its docket to ensure the orderly and efficient administration of justice.  By failing to file an amended complaint, plaintiff has effectively seized control of the pace of the litigation and docket and prevented the expeditious resolution of this action.  Dismissal of this action would resolve this litigation and assist in the effective management of the court's docket, and accordingly the first two factors strongly favor granting defendant's motion.

The risk of prejudice to the defendant also favors dismissal.  Plaintiff's delay in either filing an amended complaint or communicating her choice not to amend to the court has forced defendant to remain a party to a pending action that does not state a claim against it.  While the pendency of a lawsuit alone is not sufficiently prejudicial to warrant dismissal, the impact of pendent litigation can justify dismissal when plaintiff's excuse for failing to timely amend is weak.  See Yourish, 191 F.3d at 991-92 (citing Malone v. U.S. Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987) ("Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default.")).  Plaintiff has not provided any reason for her failure to file an amended complaint.  The court's June 25, 2010 Order very clearly stated that plaintiff had twenty days from the date of the Order to file an amended complaint, if she could do

4

so consistent with the Order.  The court cannot conceive of a strong excuse for failing to file an amended complaint if plaintiff wanted to continue prosecuting this action. Accordingly, there is sufficient prejudice to the defendant from delay that this factor strongly weighs in favor of dismissal. See id.

The fourth factor, the public policy favoring disposition of cases on their merits, weighs against dismissing this action because of plaintiff's failure to amend the complaint.  However, this consideration is outweighed by the previously discussed delay, risk of prejudice, and waste of resources that would be incurred by allowing plaintiff's action to remain on the court's docket.  Moreover, from plaintiff's failure to avail herself of the opportunity to further amend her complaint, the court can only infer that she cannot do so consistent with this court's order.  Therefore, there is no merit to plaintiff's claims.

Finally, the court does not believe that less drastic alternatives exist that would remedy the previously discussed issues.  While the court could offer plaintiff an additional amount of time to amend her complaint, plaintiff's lack of response to defendant's motion indicates that plaintiff either has no desire to move forward with this action or does not have much respect for deadlines imposed by this court.  Were the court to afford plaintiff another opportunity to amend her complaint there is no guarantee that she would choose to do so within the time provided, leading to further waste of court resources and delay.  Accordingly, this factor also weighs in favor of

1 | dismissal.

2 | Because four of the five factors weigh in favor of
3 | dismissing plaintiff's action pursuant to Rule 41(b), the court
4 | will grant defendant's motion.

5 | IT IS THEREFORE ORDERED that defendant's motion to
6 | dismiss under Rule 41(b) be, and the same hereby is, GRANTED, and
7 | this action is hereby DISMISSED with prejudice.

8 | DATED: August 26, 2010

*/s/ William B. Shubb*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE